LAURA A. BURGESS & COMPANY *vs.* DANIEL WILKINSON, JUNIOR.

When a vendor of chattels or a mortgagor in possession affirms his ownership thereof, a vendee or mortgagee damnified by such affirmation can maintain trespass on the case against the vendor or mortgagor, without declaring such affirmation to have been made with knowledge of its falsity or with intent to deceive.

Such an affirmation implies a warranty of its truth.

A declaration upon such an affirmation charged neither knowledge of falsehood, nor fraud, nor promises broken.

*Held,* that the declaration was not in *assumpsit,* and if good could only be *super casum* in tort.

EXCEPTIONS to the Court of Common Pleas.

This case was brought in the Justice Court of the town of Cranston. The writ and declaration are as follows :

"State of Rhode Island and Providence Plantations, Providence, SC.

" *To the Sheriff of the County of Providence, his Deputies, or to either of the Town Sergeants or Constables in the County of Providence. Greeting :*

" We command you to arrest the body of Daniel Wilkinson, Junior, of Lincoln, in the County of Providence, yeoman, alias laborer, alias trader, alias gentleman, if he may be found in your precinct, and him in safe custody keep, to answer the complaint of Laura A. Burgess and Wanton A. Weaver, copartners, under the firm name of Laura A. Burgess & Co., both of Cranston, in said county, at a Justice Court to be holden at the justice court room in said Cranston on the 23d day of March, A. D. 1881, at nine of the clock in the forenoon, in an action of the case. For that the said defendant on, to wit, the first day of December, 1879, at Providence, in said county, being possessed of three chamber sets, three feather beds, three mattresses and bedding for the same, fifty yards of English carpeting, twenty yards of paper oil carpeting, twenty yards of rag carpeting, twenty yards of straw carpeting, one cook stove, one parlor stove, sixteen chairs, one black walnut lounge, three rocking-chairs, affirmed and declared to the plaintiffs that the said goods and chattels above mentioned were the property of him, the said Daniel Wilkinson, Junior; that he was the sole, true, and lawful owner of the same; and had in him good right, full power, and lawful authority to sell and dispose of the same, and thereby induced the plaintiffs to advance him, the said Daniel Wilkinson, Junior, a large sum of money, to wit, one hundred dollars lawful money of the United States; and the said Daniel Wilkinson, Junior, then and there being possessed of the aforesaid goods and chattels, gave to the said plaintiffs a mortgage of the same as security for the said sum of money advanced as aforesaid; and the said plaintiffs aver that the said goods and chattels never were the property of the said defendant, but at the time and place of the affirmation and declaration aforesaid, to wit, December 1, 1879, they were the proper goods and chattels of, to wit, John Doe, and of right to him did belong; and the said John Doe now takes and retains the said goods and chattels, and refuses to give and surrender them up to the plaintiffs, to the damage of the plaintiffs, as they

say, one hundred dollars. Hereof fail not, and make due return of this writ with your doings thereon.

" Witness my hand and seal at Cranston, this 11th day of March, in the year one thousand eight hundred and eighty-one.

" WILLIAM HILL, *Trial Justice.*"

The writ was served by arrest, and the Justice Court gave judgment for the plaintiff, whereupon the defendant appealed to the Court of Common Pleas. The pleas were :

1. In abatement of the writ, because sounding in *assumpsit* it did not bear the statutory affidavit required on such writ when issued to arrest a defendant.

2. *Non assumpsit.*

The presiding justice at the trial in the Court of Common Pleas overruled the plea in abatement, and on motion of the plaintiff directed the defendant to plead not guilty in place of *non assumpsit.* The defendant excepted, and after submitting to judgment in the Court of Common Pleas brought his exceptions into this court.

*May* 23, 1882. DURFEE, C. J. We think the exceptions must be overruled. It seems to us very clear that the action is not *assumpsit ;* there is no allegation of any breach of contract or promise. The action, if not nugatory, is clearly trespass on the case in tort. The defendant contends that the action is not maintainable as case in tort, because the false affirmation, which is the gist of the action, is not alleged to have been made knowing it to be false, or to have been made fraudulently or with intent to deceive. There are cases, however, which hold that these averments are unnecessary when the affirmation by which the plaintiff, being a vendee or mortgagee of goods, has been damnified, was an affirmation of ownership by the defendant vendor or mortgagor in possession. Thus the case of *Crosse* v. *Gardner*, Carth. 90, was upon an affirmation that oxen which the defendant had in his possession and sold to the plaintiff were his, when in truth they belonged to another person. The objection was that the declaration neither stated that the defendant deceitfully sold them, nor that he knew them to be the property of another person ; and a man may be mistaken in his property and right to a thing without any fraud or ill intent. But the court held that the

action lay on the bare affirmation, because the plaintiff had no means of knowing to whom the property belonged but only by the possession. And so in *Medina* v. *Stoughton*, 1 Salk. 210, where the defendant being possessed of a certain lottery ticket sold it to the plaintiff, affirming it to be his, whereas in truth it was not his but another's, the court held the action would lie, the bare affirmation having the legal effect of a warranty. Both these cases are cited as authority by Buller, J. in *Pasley* v. *Freeman*, 3 Term Rep. 51, 57. In *Adamson* v. *Jarvis*, 4 Bing. 66, the case alleged was that the defendant, who was in possession of certain goods, represented to the plaintiff, who was an auctioneer, that he had the right to sell and dispose of them, and committed them to the plaintiff to sell at auction, and that the plaintiff, confiding in the representation, did sell them and account to the defendant for the proceeds; whereas the defendant deceived the plaintiff in that he did not have the right to sell the goods which belonged to another person, the consequence being that the plaintiff had to pay such other person for them. The court held, after verdict, on motion in arrest of judgment, that the declaration was good though it did not aver any *scienter*, nor allege that the defendant made the false affirmation with intent to deceive. See, also, *Defreeze* v. *Trumper*, 1 Johns. Rep. 274. We do not find that these cases have ever been overruled. The ground of decision in them, or at least in the first two of them, which the more closely resemble the case at bar, seems to be that the affirmation of ownership amounts to, or is in the nature of, a warranty or unqualified undertaking for the truth of what is affirmed, and that therefore, if false, the plaintiff if injured by the falsehood can recover his damages in case, whether the defendant knew of the falsehood or intended any deceit or not. Per Maule, J., in *Collins* v. *Evans*, 5 Q. B. 820, 823; *Snell* v. *Bickley*, 2 F. & F. 56.                    *Exceptions overruled.*

*George T. Brown*, for plaintiff.

*Welcome A. Greene*, for defendant.